UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Patricia G. Zavalza, | ) | Bankruptcy Case No. 21-13296 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |

**Opinion on Motion to Avoid Lien (Dkt. 121)**

This matter comes before the court on the Debtor's Motion to Avoid Lien ("Motion") (Dkt. 121). Dyck-O'Neal, Inc. (the "Creditor") filed a response. *See* Response (Dkt. 128). The Debtor filed a reply thereto. *See* Reply (Dkt. 130).

**I. Jurisdiction**

The court has jurisdiction to hear this matter under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a "core" proceeding under 28 U.S.C. § 157(b)(2)(K), " determinations of the validity, extent, or priority of liens."

**II. Background**

The Debtor is a joint owner of a primary residence at 6606 Kane Ave., Hodgkins, Illinois (the "property"), which the Debtor holds in joint tenancy with another individual, Alexander Garay, who is not her co-debtor or spouse. Motion (Dkt. 121), ¶ 3; Reply (Dkt. 130), ¶ 3. Pre-petition, Dyck-O'Neal, Inc., as Assignee of GMAT Legal Title Trust 2013-1, U.S. Bank, N.A., as Legal Trustee, as Assignee of Bank of America, N.A. obtained a judgment lien against the Debtor and her co-owner, with a current balance of $363,474.50, by recording its judgment with the Cook County

Recorder of Deeds.[1] The property is encumbered by a first mortgage in favor of ARC Home with a value of at least $349,916.92, although the Debtor asserts the value is higher.[2]

The Debtor filed this chapter 7 bankruptcy case on November 22, 2021. *See* Petition (Dkt. 1). On June 28, 2022, the court granted the Debtor's Motion to Convert (Dkt. 33) and the case was converted from chapter 7 to chapter 11. *See* Order Granting Motion to Convert (Dkt. 34). On November 29, 2022, the court granted the Debtor's Motion to Convert (Dkt. 55) and the case was converted from chapter 11 to chapter 13. *See* Order Granting Motion to Convert (Dkt. 59).

In the Debtor's original Schedules, she scheduled a $355,946.87 secured claim held by ARC Home Loans LLC ("ARC Home"), which was secured by the property. *See* Petition (Dkt. 1), Schedule D: Creditors Who Have Claims Secured By Property, p. 17. She also scheduled a $356,771.41 disputed secured claim held by Bank of America, which was secured by the property, but confusingly listed the unsecured portion of that claim as $356,771.41. *Id.*, p. 18.[3] She did not schedule Dyck-O'Neal's claim, but stated that Dyck-O'Neal, Inc. had filed a foreclosure case against her, Case No. 12 CH 027748, in the Circuit Court of Cook County within one year before filing bankruptcy. *See* Petition (Dkt. 1), Statement of Financial Affairs for Individuals Filing for Bankruptcy, Question 9, p. 35.

---

[1] In the Motion, the Debtor asserted the Creditor's judgment lien is for $356,771.41. Motion (Dkt. 121), ¶ 8. In her Reply, the Debtor appears to concede that the value of the lien is actually $363,473.50, as the Creditor argues. Reply (Dkt. 130), ¶ 2; Response (Dkt. 128), ¶ 3.

[2] *Compare* Proof of Claim No. 5-1, p. 2 (asserting a $349,916.92 secured claim with arrearage of $494.06), *and* Response (Dkt. 128), ¶ 3 (same), *with* Motion (Dkt. 121), ¶ 4 (asserting ARC's secured claim is for $355,946.87), Reply (Dkt. 130), p. 2 n.1 (same), Petition (Dkt. 1), Schedule D, p. 17 (same), *and* Amended Schedules (Dkt. 77), p. 8 (same).

[3] In her amended schedules, filed on February 6, 2023, she scheduled the same claim by ARC home as secured against the subject property. Amended Schedules (Dkt. 77), Schedule D, p. 8. She scheduled a $356,771.41 secured claim held by Bank of America, N.A., of which $297,718.28 was unsecured. *Id.*, p. 9. She claimed the same $15,000 homestead exemption in the subject property. Amended Schedules (Dkt. 77), Schedule C, p. 6.

On August 9, 2022, Dyck O'Neal filed a proof of claim asserting that it had a $363,473.50 unsecured claim related to a mortgage deficiency judgment related to a foreclosure sale judgment originally held by Bank of America, N.A., which had been subsequently assigned to it. *See* Proof of Claim No. 4-1, p. 2, Attachments 1 & 2.[4]

On December 1, 2022, ARC Home Loans LLC fka WEI Mortgage LLC ("ARC Home") filed a proof of claim stating that it had a $349,916.92 secured claim with pre-petition arrearage of $494.06, stemming from a recorded mortgage on the subject property. *See* Proof of Claim No. 5-1, p. 2. The mortgage proof of claim attachment stated that the principal balance was $351,329.27, plus interest due of $1,104.52, minus funds on hand of $2,516.87, for a total of $349,916.92. *Id.*, p. 4. The Debtor did not object to its proof of claim.

In her Amended Schedules, filed on February 6, 2023, she scheduled the same claims as secured against the subject property. Amended Schedules (Dkt. 77), Schedule D, p. 8. However, the Debtor valued the property higher at $415,000. Amended Schedules (Dkt. 77), Schedule A/B: Property, p. 1. In her original schedules, she had valued the property at $353,400. Petition (Dkt. 1), Schedule A/B, p. 10.

Prior to this Motion being filed, while this was still a chapter 13 case, the Creditor objected to the Debtor's lien strip calculation in the Debtor's proposed chapter 13 plan. *See* Objection to Confirmation of Chapter 13 Plan ("Objection") (Dkt. 70), ¶ 3-9; Plan (Dkt. 66). The Creditor

---

[4] The court notes that Attachment 1 to the Creditor's proof of claim includes a copy of an order in favor of the mortgagee, Bank of America, N.A., and against the Defendants, Alexander Garay and Patricia Zavalza, that confirmed a sale and ordered immediate possession of a *different* property: 142 Linden Ave, Bellwood, Illinois, 60104. *See* Proof of Claim No. 4-1, p. 2, Attachment 1, pp. 1-2. This judgment was subsequently transferred to Dyck O'Neal, Inc. *Id.*, p. 2.

The subject property for which Debtor seeks to avoid the lien is 6606 Kane Ave., Hodgkins, Illinois. Motion (Dkt. 121), ¶ 3; Reply (Dkt. 130), ¶ 3. The parties have not explained this discrepancy.

asserted that the value of the Debtor's interest in the property in the Plan should be listed as the whole value ($425,000), not half of the value ($212,500), since the Debtor did not own a fractional interest in the property, as a tenant in common could, but both the Debtor and the other co-owner own 100% of the property as joint tenants. Objection (Dkt. 70), ¶¶ 9-10.

After permitting the Debtor to file a response and the Creditor to file a reply and holding a hearing on the matter on May 8, 2023, the court sustained the objection by oral ruling. *See* Order Denying Debtor's Motion to Alter or Amend Judgment ("Order Sustaining Objection") (Dkt. 101). The court sustained the objection because it found that under Illinois law, a joint tenancy is a present estate in which both joint tenants are 100% owners of the property "each being seized of the whole." Order Sustaining Objection (Dkt. 101), pp. 1-2 (citing *Baillie v. Raoul*, 2019 IL App (4th) 180655, 137 N.E.3d 240, 244-45 (Ill. App. Ct. 2019); *In re Browning*, No. 10-70066, 2010 WL 1541629, at *1 (Bankr. C.D. Ill. Apr. 19, 2010) (internal citations omitted)).

In June 2023, the Debtor appealed that ruling to the district court. On November 9, 2023, Judge Virginia M. Kendall dismissed the Debtor-Appellant's appeal pursuant to the Debtor-Appellant's consent to dismiss for lack of jurisdiction. *See Zavalza v. Dyck-O'Neal, Inc.*, No. 1:23-cv-03950 (N.D. Ill. 2023), Minute Entry (Dkt. 15) & Judgment (Dkt. 16) (dismissing the Debtor's appeal for lack of jurisdiction).

While the appeal was pending, the Debtor filed a Motion to Convert (Dkt. 113), seeking to convert the case from chapter 13 to chapter 7. On November 13, 2023, this court granted that Motion, and the case was converted back to chapter 7. Order (Dkt. 116).

Thereafter, the Debtor filed the Motion to Avoid Lien (Dkt. 121). The Motion was initially heard in court on February 6, 2024. After granting the Creditor leave to file a response and the

Debtor to file a reply, the matter was heard in court again on March 19, 2024.

### III. Analysis

This matter concerns Debtor's motion to avoid the Creditor's judgment lien (Dkt. 121), the

Creditor's response (Dkt. 128), and the Debtor's reply thereto (Dkt. 130).

### A. Exempt Property and Lien Avoidance

Under 11 U.S.C. § 522(b), the debtor may exempt certain property from the bankruptcy

estate. *See In re Fishman*, 241 B.R. 568, 574 (Bankr. N.D. Ill. 1999) (citing 11 U.S.C. § 522(b)).

Illinois residents who file bankruptcy may claim only the exemptions provided under Illinois law.

*See* 11 U.S.C. § 522(b); 735 ILCS 5/12-1201; *In re Laredo*, 334 B.R. 401, 409 (Bankr. N.D. Ill.

2005) (citations omitted).  The Illinois exemptions allow "debtors to retain the exempted property

for purposes of support and advancing a fresh start." *See In re Fishman*, 241 B.R. at 574 (citing 11

U.S.C. § 542(a)).  As is relevant here, Illinois's homestead exemption permits residents to claim

$15,000 of equity in their residence as exempt from, inter alia, "[a]ttachment, judgment, levy, or

judgment sale for the payment of his or her debts." *See* 735 ILCS 5/12-901.

Section 522(f)(1)(A) permits a debtor to "avoid the fixing of a lien on an interest of the

debtor in property to the extent that such lien impairs an exemption to which the debtor would have

been entitled to under [§ 522(b)], if such lien is . . . a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A).

The statutory formula does not include liquidation costs. *See* 11 U.S.C. § 522(f)(2)(A).

"Specifically, a lien may be avoided to the extent that it impairs the ability of a debtor to

claim the exemptions afforded to him by 11 U.S.C. § 522(b)." *In re Kleynerman*, 638 B.R. 111, 117

(Bankr. E.D. Wis. 2022) (citing 11 U.S.C. § 522(f)).  "A lien impairs an exemption if the debtor's

interest in a property is less than the combined value of the subject lien, all other liens attaching to

the property, and the amount of the exemption the debtor could claim if there were no liens on the

property." *Id.* (citing 11 U.S.C. § 522(f)(2)(A)).

The Debtor claimed a $15,000 homestead exemption in the subject property. Schedule C

(Dkt. 1), p. 15; Amended Schedule C (Dkt. 77), p. 6. She argues she is entitled to avoid Claimant's

judgment lien over the subject property under § 522(f)(1)(A) and § 522(f)(2)(A) because it impairs

a homestead exemption to which she was otherwise entitled. Motion (Dkt. 121), 11-13. The Creditor

has not disputed that the judgment lien impairs the exemption.

### 1. The Correct Calculation under § 522(f)(1)(A)

Section 522(f)(2)(A) provides the mathematical formula courts use to determine impairment:

> For the purposes of this subsection, a lien shall be considered to impair an exemption
> to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were
> no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence
> of any liens.

11 U.S.C. § 522(f)(2)(A).

Courts have held that § 522(1) permits the avoidance of a judicial lien in part. *See*

*In re Silveira*, 141 F.3d 34, 35-38 (1st Cir. 1998); *In re Allard*, 196 B.R. 402, 410-11 (Bankr. N.D.

Ill.), *aff'd sub nom. Great S. Co. v. Allard*, 202 B.R. 938 (N.D. Ill. 1996) (citations omitted).

The parties before the court disagree about the correct statutory calculation under §

522(f)(2)(A). The Debtor argues that the calculation should take into account "liquidation costs" of

$42,000 and seeks to deduct the co-owner's interest of $13,526.57. *See* Motion (Dkt. 121), 10.

Hence, she asserts the calculation should be as follows:

| | | |
|---|---|---|
| $ | 425,000.00 | Value of the Property |
| | -42,000.00 | Liquidation Costs (10%) |
| | <u>-355,946.87</u> | <u>First Mortgage - ARC Home</u> |
| = | 27,053.13 | Net Proceeds |
| | -13,526.57 | Co-Owner's Interest |
| $ | <u>13,526.57</u> | <u>Debtor's Proceeds From Sale</u> |

Motion (Dkt. 121), ¶ 10.

The Creditor correctly argues that a bankruptcy court rejected the argument that liquidation costs are included in the calculation under 522(f). *See* Response (Dkt. 128), ¶ 6 (citing *Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth)*, 225 B.R. 913, 919 (Bankr. N.D. Ill. 1998). In *In re Sheth*, the court stated that it adopted the majority view and held that "[e]stimated liquidation costs such as broker commissions, title costs and recording costs should not be deducted from the fair market value of the property when calculating the extent of the impairment and of the lien avoidance under § 522(f)(1) and (2)." *Id.*

The Debtor argues that "to truly protect her homestead exemption in the property, the liquidation costs must be taken into account" because "if the Debtor sold the residence tomorrow, the closing costs, the payment of her mortgage lien and homestead would not leave sufficient proceeds to pay the [Creditor's] judicial lien . . . ." Reply (Dkt. 130), 2. However, the Debtor has not presented any authority showing that the law has changed from the rule in *In re Sheth* to permit consideration of liquidation costs; they will not be included in the § 522(f) calculation.

In *In re Sheth*, the court further explained how partial lien avoidance worked:

[W]hen the property's value, minus the sum of (i) other liens, (ii) the exemption

and (iii) the judicial lien, produces a negative number, this is the extent to which the lien should be avoided. This is the extent to which the exemption is impaired. It may be more or less than the face amount of the judicial lien and may result in a full or a partial avoidance of that lien.

See In re Sheth, 255 B.R. at 918.

### 2. Avoiding a Lien on Property Held in a Joint Tenancy

The Creditor also argues that the Debtor improperly seeks to cut her interest in half due to her ownership as a joint Debtor with a non-filing owner. Response (Dkt. 130), ¶ 7. The Debtor argues that she only owns a half interest in the residence, so the impairment to her interest should only be $27,238.46. Reply (Dkt. 130), ¶ 3. She also argues that the co-owner, Alexander Garay, although not a joint Debtor in this case, has separately filed a chapter 7 bankruptcy case in this district, Case No. 22-03968, and the Creditor's lien attaches to his interest as well. Id. She further argues that Mr. Garay previously sought to avoid the lien against the original lienholder, Bank of America, and "was unaware that the judgment had been assigned to Dyck O'Neal." Id. She argues Mr. Garay will seek to reopen his case and avoid the same judgment lien. Id.

The court agrees with the Creditor that the value of the whole home should be used. For instance, in In re Browning, joint Debtors filed bankruptcy, and one of the Debtors claimed an exemption in a vehicle that was jointly owned by both Debtors in a joint tenancy. In re Browning, No. 10-70066, 2010 WL 1541629, at *1 (Bankr. C.D. Ill. Apr. 19, 2010). The Chapter 7 Trustee objected, asserting that the exemption "must be limited to the individual Debtor's fractional interest in the vehicle." Id. The court overruled the Trustee's objection, finding that "each Debtor has an undivided interest in the whole vehicle and, therefore, may claim an exemption in the whole vehicle

. . . ."[5] *Id.* Here, since the Debtor and her co-owner each have an undivided interest in the whole home as joint tenants, the Debtor may claim an exemption in the whole home.

The Debtor also proffers that if the court does not use the liquidation value of the residence, it should find the judgment lien partially impairs the joint tenants' exemption, and should be avoided to the extent of $39,053.15. *Id.*, ¶¶ 3-4. She asserts the court should apply the calculation below, which would apply "if the Debtor and [Mr.] Garay were husband and wife and had filed a joint case . . . .":

| | |
|---|---|
| Lien sought to be avoided: | $ 363,473.50 |
| All other Liens on the Property: | 355,946.87 |
| Debtor and Garay's Homestead | 30,000.00 |
| Total liens and exemptions | $ 749,420.37 |
| FMV - Entire Property | 425,000.00 |
| Impairment | $ 324,420.37 |
| Dyck'-O'Neal's surviving lien to the Entire Residence | $ 324,473.50 |
| | $  39,053.13 |

*See* Reply (Dkt. 130), ¶ 3.

---

[5] *See In re Browning*, 2010 WL 1541629, at *1. *But see In re Zapata*, No. 07-82603, 2008 WL 2676368, at *1-2 (Bankr. C.D. Ill. June 26, 2008) (citations omitted) (finding that under § 522(f), where debtor was a co-owner in a non-jointly filed case, the mortgage should be deducted from the value of the entire property, then that number should be divided in half, and the individual exemption entitlement then deducted from his half).

For a discussion of the jointly owned property in *In re Zapata, see* Amended Motion to Avoid Memorandum of Judgment (Dkt. 35), ¶ 3, *In re Zapata*, Bankr. Case No. 07-82603 (Bankr. C.D. Ill. 2008).

The U.S. Supreme Court and the Seventh Circuit have not addressed the issue of whether, in a case where property is co-owned and the co-owner is not a joint debtor, the value of the property to be applied in the calculation should be half the equity in the property, or the entire value of the property for purposes of lien avoidance under § 522(f). *Cf. In re Zapata*, 2008 WL 2676368, at *2, n.3 ("Neither the Supreme Court nor the Seventh Circuit Court of Appeals has addressed the issue, but all of the Circuit Courts that have addressed it agree with the interpretation adopted herein.").

However, the Debtor and the co-owner are not married and did not file jointly. Moreover, under the "snapshot rule," the "status and rights of the bankrupt, creditors and the trustee . . . are fixed" as of the date of filing. *In re Awayda*, 574 B.R. 692, 695 (Bankr. C.D. Ill. 2017) (citing *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *Owen v. Owen*, 500 U.S. 305, 314 n.6, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)). The majority of courts have held that the "snapshot rule" applies to the determination of exemption rights. *In re Awayda*, 574 B.R. at 696 (citing *In re Lantz*, 446 B.R. 850, 858 (Bankr. N.D. Ill. 2011); *In re Oaks*, No. 03-85477, 2004 WL 950725, at *1 (Bankr. C.D. Ill. Apr. 26, 2004) (Perkins, J.); *In re Owens*, 269 B.R. 794, 796 (Bankr. N.D. Ill. 2001)).

"'Courts interpreting Illinois exemption laws have traditionally followed a 'snap-shot' rule holding that exemptions are determined as of the date of a case filing.'" *Id.* (citing *In re Snowden*, 386 B.R. 730, 734 (Bankr. C.D. Ill. 2008)). "Developments which occur after filing should not impact on the entitlement to an exemption properly claimed at filing." *In re Snowden*, 386 B.R. at 734 (citing *In re Walston*, 190 B.R. 855, 859 (Bankr. S.D. Ill. 1996)).

Whatever actions Mr. Garay takes to avoid the judgment lien of this Creditor after the petition date in this case are not relevant to this Debtor's entitlement to an exemption she claimed at filing. *See In re Snowden*, 386 B.R. at 734 (citation omitted); *In re Awayda*, 574 B.R. at 696 (citations omitted). Even if the Debtor and Mr. Garay had filed jointly, although they would have to "use the exemptions available under Illinois law" as joint debtors, "11 U.S.C. § 522(m) makes clear that each of the joint debtors is entitled to claim exemptions in his or her own right." *In re Hedrick*, 441 B.R. 601, 608 (Bankr. S.D. Ill. 2010), *aff'd*, No. CIV. 10-749-GPM, 2011 WL 2199371 (S.D. Ill. June 7, 2011). Thus, using the formula for joint debtors is not appropriate where, as here,

-10-

each co-owner has filed sepoarately.  For that reason, it is inappropriate to consider both the Debtor

and Mr. Garay's exemptions ($30,000); only the Debtor's exemption ($15,000) will be considered.

The parties agree that the fair market value of the property is $425,000.  *See* Motion (Dkt.

121), ¶ 10; Response (Dkt. 128), ¶ 3; Reply (Dkt. 130), ¶¶ 2-3.  However, they disagree about the

value of ARC Home's lien on the property.

The Debtor asserts the value of ARC Home's lien is $355,946.87.  *See* Motion (Dkt. 121),

¶ 10; Reply (Dkt. 130), ¶¶ 2-3; Amended Schedules (Dkt. 77), Schedule D, p. 8; Petition (Dkt. 1),

Schedule D, p. 17.  In its calculation, the Creditor asserts the value of ARC Home's lien is

$349,916.92, which matches the amount listed in ARC Home's proof of claim.  Response (Dkt.

128), ¶ 3; Proof of Claim No. 5-1, pp. 1-2.

However, "[t]he Bankruptcy Code places the burden on debtors to reconcile any

discrepancies between their schedules and claims filed against the estate when they list property as

exempt." *In re Tucker*, 36 B.R. 706, 708 (Bankr. S.D. Ill. 1984).  Under 11 U.S.C. § 502(a), a

properly filed proof of claim is deemed allowed unless a party in interest objects.  *Id.* (citing §

502(a)).  Since the Debtor did not object to ARC Home's proof of claim, it is deemed allowed in the

amount of $349,916.92.  *See* 11 U.S.C. § 502; Proof of Claim No. 5-1.

The Debtor did not present any evidence to support the value of ARC Home's lien other than

its schedules.  Thus, for the purposes of the § 522(f) calculation, the value of ARC Home's lien is

$349,916.92.

As a result, the court finds that the appropriate calculation under § 522(f) is as follows:

| Lien sought to be avoided: | $ 363,473.50 |
| All other Liens on the Property: | + $ 349,916.92 |

Debtor's Homestead:                                  + $  15,000.00

Total liens and exemptions:                          =  $ 728,390.42

Value the Debtor's Property would
have in an unencumbered state:                       − $ 425,000.00

Impairment                                           = $303,390.42

Dyck'-O'Neal's surviving
lien to the Entire Residence                         =   $ 60,083.08
                                                     ($363,473.50 − $303,390.42)

## IV. Conclusion

For the foregoing reasons, it is hereby ordered that the Debtor's Motion to Avoid Lien (Dkt. 121) is granted in part, since the court finds Dyck-O'Neal, Inc.'s lien is avoidable in part.  Because the $363,473.50 lien of Dyck-O'Neal, Inc. impairs the Debtor's exemption "to the extent of" $303,390.42, Dyck-O'Neal's lien will be avoided in the amount of $303,390.42. *See* 11 U.S.C. § 522(f)(1)-(2); *see also In re Silveira*, 141 F.3d 34, 35 (1st Cir. 1998) (citations omitted) (performing the calculation under § 522(f)).  The remainder of Dyck O'Neal, Inc.'s judicial lien, in the amount of $60,083.08, is not subject to avoidance by the Debtor under § 522(f)(1)(A).  A separate order will be entered.

Dated: April 11, 2024                        ENTER: _____

                                                     Chief Judge Jacqueline P. Cox
                                                     U.S. Bankruptcy Court
                                                     Northern District of Illinois

-12-